UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ARTHUR COCCA,

                                  Plaintiff,

        -v-

The STATE OF NEW YORK, Corrections Sergeant
J. HAMMILL (in his individual capacity), Corrections
Officer T. TETREAULT (in his individual capacity),

                                  Defendants.
------------------------------------------------------------x

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

9:14-CV-1361 (GLS/ATB)

Plaintiff ARTHUR COCCA, through his attorney Robert M. Quackenbush of Rankin & Taylor, PLLC, as and for his complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. Pursuant to the Americans with Disabilities Act of 1990, amended and codified as 42 U.S.C. § 12132; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; the Civil Rights Act of 1871, amended and codified as 42 U.S.C. § 1983, plaintiff ARTHUR COCCA brings this civil rights action for violations of his constitutional and statutory rights and for injuries caused by employees of the New York State Department of Corrections and Community Supervision ("DOCCS") at Franklin Correctional Facility in Malone, New York.

2. This complaint – arising from the use of force against Mr. COCCA by DOCCS Sergeant J. HAMMILL which fractured Mr. COCCA's orbital bone and nasal passages, while Mr. COCCA was in obvious diabetic distress, and the subsequent deprivation of Mr. COCCA's liberty pending bogus (and later dismissed) disciplinary charges against him related to being beaten by Sgt. HAMMILL – seeks compensatory damages, punitive damages and attorneys' fees.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to the Americans with Disabilities Act of 1990, amended and codified as 42 U.S.C. § 12132, *et seq.* ("ADA"); Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* ("Rehabilitation Act"); and the Civil Rights Act of 1871, 42 U.S.C. § 1983, for violations of the Eighth and Fourteenth Amendments to the Constitution of the United States.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1-2) in that defendant STATE OF NEW YORK resides in this venue and Mr. COCCA's claims arose in Franklin County in the State of New York, within the confines of this judicial district.

5. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §§ 1988 and 12205.

## PARTIES

6. Plaintiff ARTHUR COCCA was at all times relevant to this action a resident of the County of Franklin in the State of New York.

7. As a Type-1 brittle diabetic since childhood, Mr. COCCA is and was at all times relevant to this action a qualified individual within the meaning of the ADA and Rehabilitation Act.

8. Defendant THE STATE OF NEW YORK, through its agency DOCCS, is authorized under the laws of the State of New York to maintain correctional facilities, which act as its agent and for which it is ultimately responsible. The STATE assumes the risks incidental to the maintenance of correctional facilities and the employment of correctional officers under its employ.

9. Defendant STATE is a public entity for the purposes of Title II of the ADA and is a recipient of federal monies, thereby subjecting it to the requirements of the Rehabilitation Act.

10. Defendants DOCCS Corrections Sergeant J. HAMMILL and DOCCS Corrections Officer T. TETREAULT (herein referred to collectively as the officer-defendants) are and were at all times relevant herein employees and agents of the STATE, through DOCCS. They are each being sued in their individual capacities.[1]

11. As corrections officials employed by DOCCS, a public entity bound by both Title II of the ADA and the Rehabilitation Act of 1973, the officer-defendants are responsible for recognizing when inmates display signs of medical emergencies such as hypoglycemic distress and for taking appropriate measures to ensure the inmates in such distress receive immediate medical attention.

12. At all times relevant herein, the officer-defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the STATE and/or DOCCS, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their respective duties. They were acting for and on behalf of the STATE and/or DOCCS at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the STATE and/or DOCCS and incidental to the lawful pursuit of their duties as officers, employees and agents of the STATE and/or DOCCS.

---

[1] The true and complete first names of defendants HAMMILL and TETREAULT are not currently known to Mr. COCCA.

## STATEMENT OF FACTS

13. Since childhood, Mr. COCCA has been diagnosed as a Type-1 brittle diabetic. His body produces no insulin, making him entirely dependent on synthetic insulin delivered by injection.

14. Because Mr. COCCA is a brittle diabetic, his blood sugar levels require near-constant monitoring, either by himself or medical personnel.

15. Type-1 diabetes is treated with insulin replacement therapy, either via subcutaneous injection or insulin pump, along with attention to dietary management, typically including carbohydrate tracking and careful monitoring of blood glucose levels using glucose meters.

16. Low blood sugar may lead to seizures and/or episodes of unconsciousness and/or non-responsiveness, and demands emergency treatment.

17. DOCCS staff was aware of Mr. COCCA's serious diabetic condition as early as his intake into Franklin Correctional Facility. They were also aware that, prior to his intake at Franklin Correctional Facility, Mr. COCCA managed his complicated diabetic condition with the use of an insulin pump.[2]

18. Several of the above-mentioned claims arose on or about June 9, 2013 at approximately 11:25 p.m. in the recreation room of Franklin Correctional Facility's G1 housing location.

19. At approximately the above time and location, Mr. COCCA was in severe hypoglycemic distress due to dangerously low blood sugar.

---

[2] Insulin pumps are small computerized devices that deliver insulin in two ways: in a steady measured and continuous dose (the "basal" insulin) and as a surge ("bolus") dose, at the user's direction, around mealtime. Doses are delivered through a catheter. With the aid of a small needle, the catheter is inserted through the skin into the fatty tissue and is taped in place.

Pumps can be programmed to releases small doses of insulin continuously (basal), or a bolus dose close to mealtime to control the rise in blood glucose after a meal. This delivery system most closely mimics the body's normal release of insulin.

20. A corrections officer (who, upon information and belief, is C.O. T. TETREAULT) approached Mr. COCCA and ordered him to respond to the order for count.

21. However, because Mr. COCCA was in hypoglycemic distress, he was physically unable to comply with the order to return for count or respond to C.O. TETREAULT.

22. Another inmate approached C.O. TETREAULT and informed him that Mr. COCCA was was physically unable to comply because he was in diabetic distress – a condition which should have been well-known to, and easily recognizable by, trained corrections staff.

23. C.O. TETREAULT did not seek medical attention for Mr. COCCA.

24. Instead, upon information and belief, C.O. TETREAULT informed his supervisor – Sgt. J. HAMMILL – that Mr. COCCA was being intentionally non-compliant with orders.

25. Sgt. HAMMILL then arrived and ordered Mr. COCCA to respond to count.

26. Another inmate approached Sgt. HAMMILL and told him that Mr. COCCA was in diabetic distress and was physically unable to respond.

27. However, upon information and belief, Sgt. HAMMILL apparently interpreted Mr. COCCA's disability as being intentional non-compliance with his orders.

28. Thus, when Mr. COCCA did not physically respond to the orders to stand and return for count, Sgt. HAMMILL viciously beat Mr. COCCA while C.O. TETREAULT and other corrections officers assisted and otherwise observed but failed to intervene.

29. To state the obvious, in beating Mr. COCCA instead of getting medical attention for him, prison officials failed to accommodate Mr. COCCA's serious disability.

30. The beating resulted in serious injuries that required immediate hospitalization and emergency surgery.

31. These injuries include but are not limited to a fractured orbital and nasal passages, and other painful injuries.

32. Mr. COCCA continues to suffer from physical and emotional trauma associated with the beating.

33. Soon after the June 9, 2013 beating of Mr. COCCA described above, prison officials placed Mr. COCCA under Special Housing Unit-like restrictions in that he was put in isolation, forbidden from writing letters while confined to the infirmary, and forbidden from using the commissary.

34. Based upon the knowing fabrications of Sgt. HAMMILL and C.O. TETREAULT, and in an apparent attempt to cover-up their own unlawful uses of force, Sgt. HAMMILL and C.O. TETREAULT caused a disciplinary infraction to be leveled against Mr. COCCA for alleged noncompliance with orders.

35. However, because Mr. COCCA was obviously in diabetic distress at the time of the use of force against him, the disciplinary infraction was dismissed in his favor.

36. As a result of these acts and omissions by the officer-defendants, Mr. COCCA had his liberty significantly curtailed and sustained injuries to his physical and emotional well-being.

### FIRST CLAIM FOR RELIEF
### AMERICANS WITH DISABILITIES ACT AND REHABILITATION ACT
*(Against the STATE OF NEW YORK)*

37. Mr. COCCA repeats and re-alleges each of the above paragraphs with the same force as if set forth herein.

38. By interpreting Mr. COCCA's obvious diabetic distress as intentional non-compliance with prison rules, and by failing to get medical attention for Mr. COCCA and subsequently using overwhelming force against him in response to this alleged non-compliance, defendant

6

STATE OF NEW YORK – through its agents including but not limited to Sgt. HAMMILL and C.O. TETREAULT – violated Mr. COCCA's rights guaranteed by the Americans with Disabilities Act and the Rehabilitation Act (collectively referred to as the disability statutes). By such acts and omissions, the STATE denied Mr. COCCA access to urgent medical attention which was otherwise available.

39. By initiating disciplinary infractions against Mr. COCCA for conduct which was obviously caused by Mr. COCCA's disability, and causing harm thereby, defendant STATE OF NEW YORK – through its agents including but not limited to Sgt. HAMMILL and C.O. TETREAULT – violated Mr. COCCA's rights guaranteed by the disability statutes. The STATE thereby denied Mr. COCCA access to prison programs and benefits available to the general prison population, including but not limited to access to commissary, social contact with other inmates, traditional meal time, recreation time, and phone access.

40. By reason of the STATE OF NEW YORK's acts and omissions, Mr. COCCA has endured substantial physical and emotional injuries, was denied the immediate medical care he required, had his liberty unnecessarily restricted, and was otherwise damaged and injured.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – FOR VIOLATIONS OF THE EIGHTH AMENDMENT**
**MALICIOUS AND SADISTIC USE OF FORCE**
*(Against Sgt. HAMMILL and C.O. TETREAULT)*

41. Mr. COCCA repeats and re-alleges each of the above paragraphs with the same force as if set forth herein.

42. By Sgt. HAMMILL using devastating force against Mr. COCCA which served no legitimate penological purpose as more fully set forth above, and by C.O. TETREAULT failing to intervene to prevent that use of force despite having a reasonable opportunity to do so, Sgt. HAMMILL and C.O. TETREAULT violated Mr. COCCA's Eighth Amendment right to be

7

free of cruel and unusual punishment, as applied to the states through the Fourteenth Amendment.

43. By reason of the acts and omissions of Sgt. HAMMILL and C.O. TETREAULT described above, Mr. COCCA has endured substantial physical and emotional injuries and was otherwise damaged and injured.

### THIRD CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – FOR VIOLATIONS OF THE FOURTEENTH AMENDMENT
### ABUSE OF PROCESS
*(Against Sgt. HAMMILL and C.O. TETREAULT)*

44. Mr. COCCA repeats and re-alleges each of the above paragraphs with the same force as if set forth herein.

45. By the conduct and actions described above, Sgt. HAMMILL and C.O. TETRAULT employed regularly issued process against Mr. COCCA in the form of prison disciplinary infractions and/or failed to intervene to prevent the issuance of disciplinary infractions against Mr. COCCA where they reasonably could have done so.

46. The purpose of activating the disciplinary process was intent to harm Mr. COCCA without economic or social excuse or justification, and the officer-defendants were seeking the collateral advantages of covering up for their failures to adequately notice, address and ensure treatment of Mr. COCCA's serious diabetic condition, goals which were outside the legitimate ends of the disciplinary process.

47. By reason of the acts and omissions of the officer-defendants described above, Mr. COCCA has endured emotional and psychological injuries, had significant restrictions placed on his liberty, and was otherwise damaged and injured, all in violation of Mr. COCCA's rights secured by the Fourteenth Amendment.

## JURY DEMAND

48. Mr. COCCA demands a trial by jury in this action on each and every one of his damage claims.

## PRAYERS FOR RELIEF

*WHEREFORE*, Mr. COCCA demands judgment against the defendants jointly and severally and prays for relief as follows:

  a. That he be compensated for violation of his constitutional and statutory rights, deprivation of liberty, pain, suffering, mental anguish, and humiliation;

  b. That he be awarded punitive damages against the officer-defendants;

  c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

  d. For such other further and different relief as to the Court may seem just and proper.

Dated:   New York, New York
         November 10, 2014

Respectfully submitted,

By: *[signature]*

Robert M. Quackenbush
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 10007
t: 212-226-4507
f: 212-658-9480
e: robert@drmtlaw.com